## IN THE MATTER OF HARRY J. DIAMOND AND ROBERT WATKINS, ATTORNEYS AT LAW.

Argued April 27, 1976—Decided December 21, 1976.

Mr. *Robert E. Cowen* argued the cause for the Central Ethics Unit of the Administrative Office of the Courts.

Mr. *Gerald R. Stockman* argued the cause for respondent Diamond (*Messrs. Stockman, Marinari, Smithson and O'Donnell,* attorneys).

Mr. *Bruce M. Schragger* argued the cause for respondent Watkins (*Messrs. Schragger, Schragger and Lavine,* attorneys).

PER CURIAM. Respondents are attorneys at law of this State; Harry J. Diamond is also Deputy Surrogate of Mercer County. While in his public office and attending to his official duties as Deputy Surrogate, his advice was sought by two persons each having a claim against the same estate. He referred these persons to respondent Watkins, a very close friend. Watkins settled the claims satisfactorily and received a fee of $4,500, of which he gave Diamond the sum of $2,100.

We are told that the payment made by Watkins to Diamond was a gift and unrelated to the matter which had been referred and which had generated the fee. We decline to accept this argument; the conclusion that the payment was related to the referral is inescapable.

■ We conclude that Diamond's conduct violated the Disciplinary Rule forbidding a lawyer holding public office from using that position to obtain an advantage for himself. *DR* 8–101(A)(1). Nor may a lawyer divide a fee for legal services with another lawyer who is not a partner or associate unless the division is made in proportion to services performed and responsibility assumed by each. *DR* 2–107(A)(2). Both respondents have violated this canon.

■ Very recently our Advisory Committee on Professional Ethics handed down an opinion of particular pertinence here. Inquiry had been made as to whether a deputy surrogate who was also an attorney might offer to act as a consultant in the field of probate law. Attention was called to *R.* 1:15–1(d), which reads as follows:

An attorney who is a surrogate or deputy surrogate in any county, or who is in the employ of any such official, shall not practice in any criminal, quasi-criminal or penal matter, whether judicial or administrative in nature, in that county, nor in the probate division of any county court or in any estate or trust matter in any court.

The Committee's opinion held that,

. . . the above-cited rule was intended to prohibit any attorney who is a deputy surrogate from engaging in any facet of the probate law while he occupies that office. For him to be a consultant to lawyers who have probate matters in his county, even though he will not appear in court, is to create a situation where there is the obvious appearance of evil. [*N. J. Advisory Committee on Professional Ethics*, Opinion 354, 99 *N. J. L. J.* 977, 986 (1976)]

We call attention to this opinion — with which we agree — because there are statements in the record before us seeming to countenance the practice of probate law by a deputy surrogate as long as no court appearance is made. Parenthetically we note that no charge specifically stemming from conduct of this nature is made against respondent Diamond. The Rule, which we confess is somewhat ambiguous, should be interpreted as having the comprehensive

meaning accorded to it by the Advisory Committee: a deputy surrogate who is an attorney should not, during his term of office, practice probate law.

Respondent Watkins was also charged with having received an exorbitant fee for the services rendered. While we think the fee was high, we do not consider it to have been excessive or unreasonable. Accordingly we find no violation of DR 2–106(A).

■ Each respondent has been a practicing member of the bar for more than 45 years, and each has a hitherto unblemished record. It is appropriate to bear this in mind in determining the penalty to be imposed.

For the disciplinary infractions set forth above each respondent is hereby severely reprimanded.

*For reprimand*—Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—6.